FILED
SCRANTON

NOV 30 2012

PER _____

DEPUTY CLERK

MARK HARRIS # 38929-0017
Name and Prisoner/Booking Number
BOX 300, U.S.P.-CANAAN (UNIT C-1)
Place of Confinement   United States Penitentiary Canaan
3057 Easton Turnpike
Mailing Address
WAYMART, PA - - - 18472
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA (Middle)

MARK HARRIS # 38929-0017                )
(Full Name of Plaintiff)   Plaintiff,    )
                                         )    CASE NO.  12-2392
                                         )              (To be supplied by the Clerk)
              vs.        coordinator     )
(1) U.S.P.- Regional Admin "Erika Fenstermaker"  )
(Full Name of Defendant)   (Tort claim) denial   )
(2) United States of American             )    CIVIL RIGHTS COMPLAINT
                                          )         BY A PRISONER
(3) _____       )
                                          )    [X] Original Complaint
(4) _____       )    [ ] First Amended Complaint
              Defendant(s).               )    [ ] Second Amended Complaint
[ ] Check if there are additional Defendants and attach page 1-A listing them.  )

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     [ ] 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     [X] 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     [ ] Other: _____   WAYMART, PA.

2.   Institution/city where violation occurred: United States Penitentiary CANAAN

550/55

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
   _____ at _____.
   (Position and Title)                                       (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
   _____ at _____.
   (Position and Title)                                       (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   (Position and Title)                                       (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)                                       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☒ No

2.  If yes, how many lawsuits have you filed? _O_ . Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: ____N/A_____ v. _____
      2.   Court and case number: _____
      3.   Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____

   b.  Second prior lawsuit:
      1.   Parties: ____N/A_____ v. _____
      2.   Court and case number: _____
      3.   Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____

   c.  Third prior lawsuit:
      1.   Parties: ____N/A_____ v. _____
      2.   Court and case number: _____
      3.   Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
    MEDICAL INDIFFERENCE [DELIBERATE]

2.  **Count I.**  Identify the issue involved.  Check only one.  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _____
    - ☒ Medical care
    - ☐ Retaliation

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what each Defendant did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    SEE ATTACHED SHEET
    SPACE TOO SMALL FOR THE COMPLETE ISSUE

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    Food Poison due to UNSANITARY CONDITIONS IN U.S.P - CANAAN Food SERVICE department

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count I?  ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes  ☒ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  I did A BP-8, BP-9 (ATTACHED). THEN WAS PLACED INTO THE SPECIAL HOUSING UNIT. WHICH I WAS "UNABLE" TO FILE THE BP-10, BP-11. AS THE (S.H.U.) STAFF WOULD NOT bRing ME THE (BP-10) OR (BP-11 FORMS) NOR MY UNIT TEAM MEMBERS. SO I FILED A FEDERAL TORT CLAIM UPON RELEASE OUT OF (S.H.U.) THEN FILED IN THIS COURT.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _N/A_____

2.  **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
    - ☐ Basic necessities       ☐ Mail           ☐ Access to the court       ☐ Medical care
    - ☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion      ☐ Retaliation
    - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _N/A_____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____N/A_____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _____N/A_____
    _____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count II?  ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____N/A_____
        _____

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: ___N/A___

2.  **Count III.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail          ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property      ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ___N/A___

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    N/A

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    N/A

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count III?                    ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?          ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ___N/A___

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking: MONTARY DAMAGES FOR PAIN + SUFFERING
due too Food Poison by U.S.P. - CANAAN STAFF

I declare under penalty of perjury that the foregoing is true and correct.

Executed on NOV. 23, 2012

DATE

Mark Harris

SIGNATURE OF PLAINTIFF

MARK HARRIS (PRO SE)

NON

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

NON (PRO SE)

(Signature of attorney, if any)

NON

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Re:  Federal Tort Claim
     Pursuant to 28 U.S.C. §2671 et seq.

Claimant: MARK HARRIS
Reg. No: #38999-007
Basis of claim:  Negligence, deliberate indifference to a serious
                 medical need.

Dated:  NOV. 25th, 2012

     The foregoing shall serve as my request for consideration of
an agency settlement under the Federal Tort Claims Act, 28 U.S.C.
§2671 et seq., based on the negligence of the Federal Bureau of
Prisons Correctional staff in the handling and preparation of food
served to the inmate population at the United States Penitentiary
Canaan on or about June 25th, 2011, which resulted in the undersigned
being contaminated with Salmonella Food Poisoning.

     Specifically, on the aforementioned date, the United States
Penitentiary Canaan Food Service Correctional staff negligently served
the inmate population of said facility chicken which had been contaminated
with Salmonella due to the Food Service staff's failure to follow
basis food sanitary precautions and based on belief and information,
and therefore alleged here, the Food service staff left the subject
chicken out of refrigeration for over a wek and then served it to
the inmate population because, said staff and the Executive Administration
of the Canann facility have mandated that absolutely no food products
may go to waste, no matter how old the product may be, it must be
served to the inmate population and consumed accordingly.  This unwritten
policy has resulted in many inmates being poisoned by such contaminated
food and in particular, at least 1/3 of the Canaan inmate prison
population was contaminated by the chicken served on June 25, 2011,
which should have been discarded a week earlier.

     Moreover, in an article dated on or about July 4th, 2011 in the
Wayne County independant newspaper.  A staff representative stated
that there was no truth to the rumor of food poisoning.  However,
a few days later after numerous inmates filed requests for administrative
remedies the response was that the medical staff is properly giving
the medical treatment needed for Food Poisoning.  This is a contradiction
and it is well known that there was a food poisoning and the staff
are attempting to cover it up as well as cover up the fact that they
did not give the proper medical treatment to everyone that became
ill.  Under the Codes of Federal Regulations we have the right to
be given proper medical treatment no matter what.

     Food poisoning is caused by the ingestion of contaminated food.
It's signs and symptoms, all of which the undersigned suffered, usually
include diarrhea and nausea.  Vomiting and abdominal pain also affected
the undersigned.  And most importantly, due to the fact that the under-
signed has high blood pressure, he suffered migraine headaches, which
caused his blood pressure to rise considerably and was not given any
medical treatment.

1

In fact, when the undersigned requested refills for his medication, it took the medical staff 3 days to deliver this refill and he was told that they can only do one thing at a time. In regards to the symptoms for the food poisoning. The undersigned was told to drink lots of fluids and that they were <u>only taking individuals to medical that can barely stand</u>.

The actions and omissions of the United States Penitentiary Canaan staff alleged above amounts to gross negligence, failure to adequately train and deliberate indifference to a serious medical need.

The employees of the B.O.P. mentioned herein failed to exercise due care and specifically refused to exercise at least minimal concern of the rights of the USP Canaan inmate population.

The United States is responsible under the FTCA for the behavior of a federal employee while acting within the scope of his or her employment. 28 U.S.C. §2679(B)(1). In general, an employee acts within the scope of his employment when he is doing something to further the duties he owes to his employer and the conduct is the type that he was hired to do.

Pursuant to 28 U.S.C. §2675(B) and 28 C.F.R. §14.2, the undersigned is required to ask for a specific amount of damages, and therefore, the undersigned requests $1,000.00 for each day he suffered symptoms of the Salmonella poisoning, that is $1,000.00 x 6 days, (specifically, from June 26th, 2011 to July 1st 2011.) And $20,000.00 for the medical staff's refusal to evaluate and treat him in a timely manner by being deliberately indifferent to his serious medical need(s), which included treatment for the Salmonella poisoning and his cronic care needs, for a sum certain in the amount of $26,000.00.

Any agreed upon settlement of the foregoing claim shall satisfy any possible future law suit the undersigned may have a right to bring against the aforementioned individuals and agency.

Respecfully submitted,

*Mark Harris*

MARK HARRIS (PRO SE)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheets if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| REGIONAL COUNSEL'S OFFICE NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE 7TH FLOOR 2ND AND CHESTNUT STREET PHILADELPHIA, PENNSYLVANIA 19106 | MARK HARRIS #38939-007 BOX 300 U.S.P. CANAAN UNIT C-1 UNITED STATES PENITENTIARY CANAAN WAYMART, PA. 18472 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | JUNE 5, 1987 | SINGLE | JUNE 11, 2010 | 11:00 - 12:00 P.M |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

SEE ATTACHED SHEET. - SPACE TOO SMALL . .

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

"SAME AS ABOVE"

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

N/A — PERSONAL INJURY

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED SHEET (SPACE TO SMALL FOR ISSUE)

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| 1) U.S.P. MEDICAL STAFF 2) U.S.P. FOOD SERVICE STAFF 3) U.S.P. CUSTODY STAFF | P.O. BOX 400 (STAFF MAILBOX) UNITED STATES PENITENTIARY CANAAN 3057 EASTON TURNPIKE WAYMART, PA. 18472 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | YES | N/A | $26,000 26 THOUSAND |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Mark Harris | N/A - FEDERAL INMATE | NOV. 23, 2011 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 96

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☒ No

N/A – FEDERAL PRISONER

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A – FEDERAL PRISONER

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) ☒ No

N/A

SF 95 (Rev. 7-85) BACK

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: AUGUST 5, 2011

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CANAAN USP

TO  : MARK HARRIS, 38924-007
      CANAAN USP      UNT: C1 UNIT      QTR: C02-205L
      PO BOX 400
      WAYMART,  PA 18472

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 650784-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : AUGUST 4, 2011
SUBJECT 1       : MEDICAL CARE – IMPROPER OR INADEQUATE
SUBJECT 2       : FOOD – (EXCEPT DIETS & RLGS FOOD/MEALS)
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: YOU DID NOT SIGN YOUR REQUEST OR APPEAL.

### ATTEMPT AT INFORMAL RESOLUTION
(Request for Administrative Remedy)

*The Federal Bureau of Prisons Program Statement 1330.16 Administrative Remedy Program, dated December 31, 2007, requires that inmates attempt to informally present their complaint to staff and allow staff to attempt to informally resolve any issue prior to the inmate filing a Request for Administrative Remedy, BP.229( 13). If informal resolution is unable to be accomplished, the inmate will be given a BP.229(13)form.*

**TO BE COMPLETED BY INMATE**

INMATE'S NAME: _Mark Harris_   REG. NO.: _38924-087_  UNIT: _C1_

1. Complaint (be specific. if related to UDC appeal, specify relevant section of Inmate Discipline Policy): _I was infected on June 25th with food poisoning and was never given medical treatment. I would like to know what's being done to fix this matter and would like to be Compensated for my pain and suffering._

2. What resolution is requested/expected: _Medical attention monetary Compensation for my pain and suffering._

**TO BE COMPLETED BY STAFF**

3. Summary of investigation (place response on this form): _____

4. What actions were taken to resolve this matter informally (place response on this form): _____

5. Explain reasons for no resolution (place response on this form): _____

Date & Time Issued (BP-8): _7-17-11  9:00am_  Unit Team Member: _____
Date & Time Returned (BP-8): _7-17-11  2:00pm_  Unit Team Member: _____
Date & Time Investigation on BP-8 Completed and (BP-9)BP229(13) issued: _7-20-11  2:30pm_

Satellite Operations Administrator/Unit Manager Signature: _____

**Distribution: (1)** *If complaint is informally resolved, forward the original, signed and dated by the inmate, to the Unit Counselor for filing.*
**(2)** *If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.*

On _____, this issue was informally resolved.

_____
Inmate Signature                    Date

## Response to Informal Resolution Attempt

### Harris, Mark #38924-007

3. Summary of Investigation:

This is in response to your request for administrative remedy received July 19, 2011.  You state on June 25, 2011, you became extremely ill after consuming the institutional evening meal and claim Health Services Staff failed to examine and treat you in a timely manner.  Additionally you allege that the institutional Duty Officer failed to make rounds in the housing unit during this time.

4. What actions were taken to resolve this matter informally:

A review of this matter reveals daily sick call and pill line rounds were conducted by Health Services Staff in each housing unit.  Symptomatic inmates were triaged by severity of illness and treated appropriately. Inmates received nutritionally adequate meals during this time period.  A further review of this matter reveals that the Institutional Duty Officer conducted rounds of each housing unit during the time in question.

Concerning your allegation of staff misconduct.  **It is policy of the Federal Bureau of Prisons, and the practice followed by this facility, to treat all inmates in a fair and impartial manner.  Additionally, allegations such as yours are taken seriously and will be given an appropriate amount of review and/or investigation.  Due to the privacy interest of the staff members which you name, we are unable to disclose to you any findings or the result of our review in this matter.**

5. Explain reasons for no resolution:

This response is for informational purposes only.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-9.

D. Palmer/Counselor

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _HARRIS MARK_ _38924-007_ _C-1_ _Canaan USP_
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** I was infected with Salmonella food poisoning on June 25th due to the negligence of Food Service Staff. I was further treated with deliberate indifference as my pleas for medical attention were ignored. Due to the fact that I was extremely ill for over 1week, and request to be compensated for my pain and suffering. To date I continue to suffer from my illness and have yet to completely recover 100%. Thank you.

_8-3-2011_
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

received
08-04-2011
(ET)

_____                          _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 650784-F1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                           CASE NUMBER: 650784-F1

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.      UNIT        INSTITUTION

SUBJECT: _____

_____                          _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                    PRINTED ON RECYCLED PAPER          BP–229(13)
                                                             APRIL 1982

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA (SCRANTON)

| | |
|---|---|
| Mark Harris #38929-007 <br> Plaintiff, | X <br> ' <br> ' |
| -vs- <br> "ERIKA FENSTERMAKER" <br> U.S.P. Administrative Remedy Coordinator <br> -and- United States of America. <br> Defendants. | ' Civil action# _____ <br> ' <br> ' Judge: _____ <br> ' <br> X |

Authorization form to United States Penitentiary staff, located
in, Waymart, Pennsylvania to transmit to the clerk of this above
court.  A certified copy of my trust account for the past six (6)
months as well as payments from the account in the amounts specified
by 28 U.S.C. §1915(b).


                                        Respectfully submitted,



                                        _Mark Harris_
                                        Mark Harris (Pro-Se)

November 23, 2012